# EXHIBIT A

# STATE COURT FILE

Chronological Case Summary
Appearance of Joey D. Kimbrough
Complaint
Notice Of Fully Executed Power Of Attorney
Summons – Corelogic Credco, LLC
Summons – Defense Finance Accounting Service
Summons-Equifax Information Services, LLC
Summons – Experian Information Solutions, Inc.
Summons – JP Morgan Chase Bank
Summons-Mortgage Research Center, LLC a/k/a Veterans United Home Loans
Summons – Trans Union, LLC
Summons – USAA Federal Savings Bank

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Timothy J Branyan v. CORELOGIC CREDCO, LLC, DEFENSE FINANCE ACCOUNTING SERVICE, EQUIFAX INFORMATION SERVICES LLCet al

| | |
|---|---|
| Case Number | 34D04-2302-CT-000477 |
| Court | Howard Superior Court 4 |
| Type | CT - Civil Tort |
| Filed | 02/23/2023 |
| Status | 02/23/2023 , Pending (active) |

## Parties to the Case

Defendant CORELOGIC CREDCO, LLC

Address
135 North Pennsylvania Street
Suite 1610
Indianapolis, IN 46204

Defendant DEFENSE FINANCE ACCOUNTING SERVICE

Address
8899 East 56th Street
Dept. 3300
Indianapolis, IN 46249-3300

Defendant EQUIFAX INFORMATION SERVICES LLC

Address
135 North Pennsylvania Street
Suite 1610
Indianapolis, IN 46204

Defendant EXPERIAN INFORMATION SOLUTIONS, INC.

Address
334 North Senate Avenue
Indianapolis, IN 46204

Defendant JPMORGAN CHASE BANK

Address
334 North Senate Avenue
Indianapolis, IN 46204

Defendant MORTGAGE RESEARCH CENTER, LLC AKA VETERANS UNITED HOME LOANS

Address
8520 Allison Pointe Boulevard
Suite 220 #122
Indianapolis, IN 46250

Defendant TRANS UNION LLC

Address
135 North Pennsylvania Street
Suite 1610
Indianapolis, IN 46204

Defendant USAA FEDERAL SAVINGS BANK

Address
9800 Fredericksburg Rd.
San Antonio, TX 78288

Plaintiff Branyan, Timothy J

Address
618 South Union Street
Kokomo, IN 46902

Attorney
Pro Se

## Chronological Case Summary

02/23/2023 **Case Opened as a New Filing**

02/24/2023 **Appearance Filed**

Appearance

For Party: Branyan, Timothy J
For Party: Kimbrough, Joey D
File Stamp: 02/23/2023

02/24/2023 **Complaint/Equivalent Pleading Filed**

Plaintiff's Complaint

Filed By: Branyan, Timothy J
File Stamp: 02/23/2023

02/24/2023 **Document Filed**

Notice of Certified Copy of fully Executed Power of Attorney - T Branyan to J Kimbrough

Filed By: Branyan, Timothy J
File Stamp: 02/23/2023

02/24/2023 **Subpoena/Summons Filed**

Summons - Corelogic

Filed By: Branyan, Timothy J
File Stamp: 02/23/2023

02/24/2023 **Subpoena/Summons Filed**

Summons - Defense Finance Accounting

Filed By: Branyan, Timothy J
File Stamp: 02/23/2023

02/24/2023 **Subpoena/Summons Filed**

Summons - Equifax

Filed By: Branyan, Timothy J
File Stamp: 02/23/2023

02/24/2023 **Subpoena/Summons Filed**

Summons - Experian

Filed By: Branyan, Timothy J
File Stamp: 02/23/2023

02/24/2023 **Subpoena/Summons Filed**

Summons - JPMorgan Chase Bank

Filed By: Branyan, Timothy J
File Stamp: 02/23/2023

02/24/2023 **Subpoena/Summons Filed**

Summons - Mortgage Research Center

Filed By: Branyan, Timothy J
File Stamp: 02/23/2023

02/24/2023 **Subpoena/Summons Filed**

Summons - Trans Union LLC

Filed By: Branyan, Timothy J
File Stamp: 02/23/2023

02/24/2023 **Subpoena/Summons Filed**

Summons - USAA Federal Savings Bank

Filed By: Branyan, Timothy J
File Stamp: 02/23/2023

| | |
|---|---|
| 02/27/2023 | **Order Issued**<br>Summons Ordered Issued.<br>Order Signed: 02/23/2023 |
| 02/27/2023 | **Clerk Administrative Event**<br>Clerk issues summons/complaintto all parties. law |
| 02/27/2023 | **Clerk Administrative Event**<br>Clerk issues summons and complaint to all parties by certified mail. law |
| 02/28/2023 | **Automated ENotice Issued to Parties**<br>Order Issued ---- 2/27/2023 : Timothy J Branyan |
| 02/28/2023 | **Automated Paper Notice Issued to Parties**<br>Order Issued ---- 2/27/2023 : CORELOGIC CREDCO, LLC;DEFENSE FINANCE ACCOUNTING SERVICE;EQUIFAX INFORMATION SERVICES LLC;EXPERIAN INFORMATION SOLUTIONS, INC.;JPMORGAN CHASE BANK;MORTGAGE RESEARCH CENTER, LLC AKA VETERANS UNITED HOME LOANS;TRANS UNION LLC;USAA FEDERAL SAVINGS BANK |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

34D04-2302-CT-000477
Howard Superior Court 4
Filed: 2/23/2023 6:25 PM
Clerk
Howard County, Indiana

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ______________________

TIMOTHY J. BRANYAN,

Plaintiff,

v.

JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,

Defendants.

## NOTICE OF APPEARANCE

**COMES NOW**, Plaintiff, TIMOTHY J. BRANYAN, by and through JOEY KIMBROUGH, acting as Attorney-in-Fact (“Agent”) pursuant to Indiana TR 3.1(A), and hereby files this *NOTICE OF APPEARANCE,* in the Cause captioned above, in support thereof, would show this honorable court the following:

### Appearance – Initiating Party

1. Name, address, telephone number, FAX number, and email address of the initiating party or parties filing the appearance form;

**TIMOTHY J. BRANYAN**
**618 South Union St.**
**Kokomo, IN 46901**
**(765) 437-7023**
**FAX number – NA**
timbranyan@gmail.com

2. Name, address, attorney number, telephone number, FAX number, and e-mail address of any attorney representing the party, as applicable;

**Joey Kimbrough, Attorney-in-Fact ("Agent")**
**1712 Candy Court South**
**Kokomo, IN 46902**
**(765) 437-8451**
**FAX number – NA**
joeykokomo2002@yahoo.com

3. The case type of the proceeding [Administrative Rule 8(B)(3)];

**CT – Civil Tort**

4. Unless required by Trial Rule 86(B), a statement that the party will or will not accept service by FAX or by e-mail from other parties;

**Plaintiff's Agent will accept service by email.**

5. In domestic relations, Uniform Reciprocal Enforcement of Support (URESA), paternity, delinquency, Child in Need of Services (CHINS), guardianship, and any other proceedings in which support may be an issue, the Social Security Identification Number of all family members;

**NA**

6. The caption and case number of all related cases;

**NA**

7. Such additional matters specified by state or local rule required to maintain the information management system employed by the court;

**NA**

8. In a proceeding involving a protection from abuse order, a workplace violence restraining order, or a no-contact order, the initiating party shall provide to the clerk a public mailing address for purposes of legal service. The initiating party may use the Attorney General Address Confidentiality program established by statute; and

**NA**

9. In a proceeding involving a mental health commitment, except 72 hour emergency detentions, the initiating party shall provide the full name of the person with respect to whom commitment is sought and the person's state of residence. In addition, the initiating party shall provide at least one of the following identifiers for the person:

(a) Date of birth;
(b) Social Security Number;
(c) Driver's license number with state issue and date of expiration;
(d) Department of Correction number;
(e) State ID number with state of issue and date of expiration; or
(f) FBI number

**NA**

10. In a proceeding involving a petition for guardianship, the initiating party shall provide a completed Guardianship Information Sheet in the form set out in Appendix C. The information sheet is a confidential Court Record excluded from public access under the Rules on Access to Court Records.

**NA**

Dated: February 23rd, 2023

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff
618 South Union Street
Kokomo, IN 46901

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23rd, 2023, a copy of the foregoing has been duly served upon the Clerk of this Court and individual(s) listed below by E-Service using the Indiana E-Filing System, pursuant to Rules 5(C), 5(F)(6), and 86(G)(3) of the Indiana Rules of Trial Procedure, and Administrative Rule 16, or pursuant to Trial Rule 5(B)(2) as appropriate:

***Distribution:***

No parties or representation have filed in as of this Appearance submittal.

Certified,

/s/ Joey Kimbrough

34D04-2302-CT-000477
Howard Superior Court 4

Filed: 2/23/2023 6:25 PM
Clerk
Howard County, Indiana

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ____________________

TIMOTHY J. BRANYAN,

Plaintiff,

v.

JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,

Defendants.

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

**AND**

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

THE PLAINTIFF NOW APPEARS, TIMOTHY J. BRANYAN ("Plaintiff"), by and through Joey Kimbrough, acting as Attorney-in-fact, alleges violations of the Fair Credit Reporting Act ("FCRA") by JPMORGAN CHASE BANK AKA JPMCB CARD (hereafter collectively "JPMCB"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter, "EXPERIAN"), TRANS UNION LLC (hereafter, "TRANS UNION"), EQUIFAX INFORMATION SERVICES LLC (hereafter,

"EQUIFAX"), MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS (hereafter, "VETERANS UNITED"), DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN (hereafter, "DFAS"), CORELOGIC CREDCO LLC DBA CREDCO (hereafter, "CREDCO"), and USAA FEDERAL SAVINGS BANK (hereafter, "USAA"). JPMCB, EXPERIAN, TRANS UNION, EQUIFAX, VETERANS UNITED, DFAS, CREDCO, and USAA hereafter referred to collectively as ("Defendants").

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.
2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and

other information on consumers. The FCRA also sets obligations on "furnishers," who offer credit information to credit reporting organizations.

3. The FCRA shields consumers from the serious risk of harm that might otherwise result from inaccurate reporting through a complex system of procedural safeguards. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.
4. Plaintiff, brings this action to challenge the actions of Defendant(s) with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendant(s) failure to properly investigate Plaintiff's disputes.
5. Defendant(s) failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.
6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.
7. Unless otherwise stated, all conduct engaged in by the Defendant(s) took place in Indiana.

8. Defendant(s) committed each of these violations knowingly, willfully, and intentionally, and Defendant(s) did not maintain procedures reasonably adapted to avoid such violations.

## JURISDICTION AND VENUE

9. Jurisdiction of the court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction."
10. Venue and personal jurisdiction in this district are proper because Defendant(s) do or transacts business within the district and a material portion of the events at issue occurred in this district.

## PARTIES

11. Plaintiff is a natural person residing in Kokomo, Indiana.
12. Plaintiff resided in Kokomo, Indiana, at all times relevant and all actions related to Plaintiff stated herein took place in or around Kokomo, Indiana.
13. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1681a(c).
14. Defendant (JPMCB) is an Ohio Foreign Financial Institution with its principal place of business located at 1111 Polaris Pkwy, Columbus, Ohio 43246 and which conducts business in the State of Indiana.

15. Defendant (Trans Union) is a Delaware Foreign Limited Liability Company with its principal place of business located 35 Miller Avenue, Unit 123, Mill Valley, IL 60661 and which conducts business in the State of Indiana.

16. Defendant (Equifax) is a Georgia Foreign Limited Liability Company with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309 and which conducts business in the State of Indiana.

17. Defendant (Experian) is an Ohio Foreign For-Profit Corporation with its principal place of business located 475 Anton Boulevard, Costa Mesa, CA 92626 and which conducts business in the State of Indiana.

18. Defendant (Veterans United) is a Missouri Foreign Limited Liability Company with its principal place of business located 1400 Veterans United Drive, Columbia, MO 65203 and which conducts business in the State of Indiana.

19. Defendant (DFAS) is a United States Federal Office with its principal place of business located at 8899 East 56th Street, Dept. 3300, Indianapolis, IN 46249 and which conducts business in the State of Indiana.

20. Defendant (Credco) is a California Foreign Limited Liability Company with its principal place of business located at 10277 Scripps Ranch Blvd., San Diego, CA 92131 and which conducts business in the State of Indiana.

21. Defendant (USAA) is a Texas Foreign For-Profit Company with its principal place of business located at 9800 Fredericksburg Rd., San Antonio, TX 78288 and which conducts business in the State of Indiana.

22. Defendant(s) are a person as that term is defined by 15 U.S.C. § 1681a(b).

23. Defendant(s) business includes obtaining and using consumer credit reports for the professed purpose of using such information in connection with credit transactions involving consumers, as contemplated by 15 U.S.C. § 1681b.

24. Defendant(s) acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

25. Defendant(s) agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

## GENERAL ALLEGATIONS

26. Plaintiff alleges that Defendant(s) are incorrectly reporting that Plaintiff's account is closed, with inaccurate high credit limit, with inaccurate date last active, with inaccurate date opened, and with incomplete and inaccurate payments history, and in violation of reporting "experiences/transactions".

27. Plaintiff alleges that if a data furnisher decides to report an account, the FCRA requires complete and accurate reporting; therefore, a data furnisher cannot pick and choose which portions of the account to report. If a data furnisher reports an account, then it should report all portions of that account in a manner which complies with the maximum accuracy and completeness standard of the FCRA.

28. Plaintiff alleges that Defendant(s) are familiar with the FCRA requirements and credit reporting industry standards and subscribes thereto.

29. Plaintiff alleges that Defendant(s) understand that deviation from the FCRA requirements or credit reporting industry standards can, and often does, result in the denial of credit, higher interest rates, and prompts a negative inference that would not be drawn if the data were reported in accordance with the recognized standards.

30. Plaintiff alleges that Defendant(s) actions alleged herein were committed knowingly, intentionally, and in reckless disregard of the unambiguous meaning of the FCRA, regulatory guidelines on accurate reporting, and credit reporting industry standards to purposefully undermine Plaintiff's ability to repair his credit score.

31. In the alternative, Plaintiff alleges that Defendant(s) actions were the result of negligent policies, procedures, and an objectively unreasonable interpretation of the FCRA, all which inevitably led to inaccurate, misleading, or incomplete credit reporting.

## FACTUAL ALLEGATIONS

32. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

A. **e-OSCAR**

33. e-OSCAR is the web-based system developed by Experian, Equifax, TransUnion, and Innovis that enables Data Furnishers and CRAs to create and respond to consumer credit disputes.

34. When a consumer sends a dispute letter to a CRA, the CRA then sends an automated credit dispute verification ("ACDV") via e-OSCAR to the appropriate Data Furnisher.

35. The ACDV contains codes next to certain data fields associated with a credit file.

36. When a data furnisher reports on a consumer's account as part of its regular reporting, it sends a regular monthly transmission to each CRA.

37. When a data furnisher reports on a consumer's account outside of its regular monthly transmission, it sends an automated universal dataform ("AUD") to each CRA.

**B. Plaintiff's Consumer Report Contains Inaccurate Adverse Tradelines, which Plaintiff Disputed Multiple Times to no Avail**

38. On or about September 1st, 2022, Plaintiff ordered a three-bureau credit report from Identity IQ to ensure that proper reporting by Plaintiff's creditors ("the September 1st Credit Reports").

39. Plaintiff noticed adverse tradelines in his September 1st Credit Reports, reporting inaccurate, misleading, or incomplete information that did not comply with the FCRA standards.

40. Plaintiff then disputed the inaccurate tradelines regarding the accounts with JPMCB via USPS certified mail tracking #7021 0950 0001 4171 9036 on or about September 2nd, 2022.

41. Defendant received said certified letter pointing out the inaccurate JPMCB tradeline(s) on or about September 9th, 2022 at 7:51am.

42. Plaintiff's Dispute Letter specifically put JPMCB on notice that, they were violating the FCRA and a cure would be to "fix or delete" the inaccuracies.

43. Specific inaccuracies in this first attempt to have JPMCB correct were around the "utilization" as defined in 15 USC § 1681(a)2(A)(i).

44. Plaintiff's Dispute Letter detailed what was perceived to be problematic about the JPMCB reporting, addressing each tradeline individually.

45. Plaintiff made a simple request that the derogatory reported to be updated to ensure accuracy and completeness of the accounts as required by the FCRA.

46. Plaintiff is informed and believes that Trans Union, Experian, and Equifax each received Plaintiff's Dispute Letters and, in response, sent Plaintiff's disputes to JPMCB, as the data furnisher, via an ACDV through e-OSCAR.

47. Plaintiff then disputed the inaccurate tradelines regarding the accounts with USAA via USPS certified mail tracking #7021 0950 0001 4171 9043 on or about September 2nd, 2022.

48. Defendant received said certified letter pointing out the inaccurate USAA tradeline(s) on or about September 6th, 2022 at 8:28am.

49. Plaintiff's Dispute Letter specifically put USAA on notice that, they were violating the FCRA and a cure would be to "fix or delete" the inaccuracies.

50. Specific inaccuracies in this first attempt to have USAA correct were around the "utilization" as defined in 15 USC § 1681(a)2(A)(i).

51. Plaintiff's Dispute Letter detailed what was perceived to be problematic about the USAA reporting, addressing each tradeline individually.

52. Plaintiff made a simple request that the derogatory reported to be updated to ensure accuracy and completeness of the accounts as required by the FCRA.

53. Plaintiff is informed and believes that Trans Union, Experian, and Equifax each received Plaintiff's Dispute Letters and, in response, sent Plaintiff's disputes to USAA, as the data furnisher, via an ACDV through e-OSCAR.

54. Plaintiff then disputed the inaccurate tradelines regarding the accounts with CREDCO via USPS certified mail tracking #7021 0950 0001 4171 9029 on or about September 2nd, 2022.

55. Defendant received said certified letter pointing out the inaccurate CREDCO tradeline(s) on or about September 6th, 2022 at 10:23am.

56. Plaintiff's Dispute Letter specifically put CREDCO on notice that, they were violating the FCRA and a cure would be to "fix or delete" the inaccuracies.

57. Specific inaccuracies in this first attempt to have CREDCO correct were around the "unauthorized inquiries" as defined in 15 USC § 1681b(a)3(f)(i) and NO permissible purpose as defined by 15 USC § 1681e(B).

58. Plaintiff's Dispute Letter detailed what was perceived to be problematic about the CREDCO reporting, addressing each tradeline individually.

59. Plaintiff made a simple request that the derogatory reported to be updated to ensure accuracy and completeness of the accounts as required by the FCRA.

60. Plaintiff is informed and believes that Trans Union, Experian, and Equifax each received Plaintiff's Dispute Letters and, in response, sent Plaintiff's disputes to CREDCO, as the data furnisher, via an ACDV through e-OSCAR.

61. Plaintiff then disputed the inaccurate tradelines regarding the accounts with Veterans United via USPS certified mail tracking #7021 0950 0001 4171 9012 on or about September 2nd, 2022.

62. Defendant received said certified letter pointing out the inaccurate Veterans United tradeline(s) on or about September 6th, 2022 at 7:48am.

63. Plaintiff's Dispute Letter specifically put Veterans United on notice that, they were violating the FCRA and a cure would be to "fix or delete" the inaccuracies.

64. Specific inaccuracies in this first attempt to have Veterans United correct were around the "unauthorized inquiries" as defined in 15 USC § 1681b(a)3(f)(i) and NO permissible purpose as defined by 15 USC § 1681e(B).

65. Plaintiff's Dispute Letter detailed what was perceived to be problematic about the Veterans United reporting, addressing each tradeline individually.

66. Plaintiff made a simple request that the derogatory reported to be updated to ensure accuracy and completeness of the accounts as required by the FCRA.

67. Plaintiff is informed and believes that Trans Union, Experian, and Equifax each received Plaintiff's Dispute Letters and, in response, sent Plaintiff's disputes to Veterans United, as the data furnisher, via an ACDV through e-OSCAR.

68. Plaintiff then disputed the inaccurate tradelines regarding the accounts with DFAS via USPS certified mail tracking #7021 0950 0001 4171 9067 on or about September 2nd, 2022.

69. Defendant received said certified letter pointing out the inaccurate DFAS tradeline(s) on or about September 6th, 2022 at 12:35pm.

70. Plaintiff's Dispute Letter specifically put DFAS on notice that, they were violating the FCRA and a cure would be to "fix or delete" the inaccuracies.

71. Specific inaccuracies in this first attempt to have DFAS correct were around the "unauthorized inquiries" as defined in 15 USC § 1681b(a)3(f)(i) and NO permissible purpose as defined by 15 USC § 1681e(B).

72. Plaintiff's Dispute Letter detailed what was perceived to be problematic about the DFAS reporting, addressing each tradeline individually.

73. Plaintiff made a simple request that the derogatory reported to be updated to ensure accuracy and completeness of the accounts as required by the FCRA.

74. Plaintiff is informed and believes that Trans Union, Experian, and Equifax each received Plaintiff's Dispute Letters and, in response, sent Plaintiff's disputes to DFAS, as the data furnisher, via an ACDV through e-OSCAR.

75. Plaintiff ordered a second three-bureau credit report from Identity IQ to determine if the reporting on the account was updated.

76. Plaintiff upon belief that JPMCB was going to continue to violate the FCRA as written, and report inaccuracies authored a second letter in good faith.

77. This second letter was sent certified mail on or about October 3rd, 2022, via USPS with a tracking number #7021 0950 0001 4171 7506 and was signed for on or about October 7th, 2022, at 12:55pm.

78. The second letter indicated that JPMCB "reporting of inaccurate information has caused severe damage to my character, my reputation, my general mode of living, and my ability to obtain credit for personal and household uses."

79. The second letter indicated to JPMCB "You and your inaccurate reporting have damaged my livelihood."

80. The second letter highlighted 15 USC 1681 s-2 "Responsibilities of furnishers of information to consumer reporting agencies"

81. 15 USC 1681 s-2 says that JPMCB is a furnisher of information to a consumer reporting agency. Therefore, JPMCB is prohibited by law to furnish incorrect/inaccurate information.

82. 15 USC 1681 s-2(a)(1)(A) says "A person shall not furnish any information to relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

83. JPMCB was put on Notice that they were reporting inaccurate information through the letter dated September 1st, 2022, and again with the second letter dated October 3rd, 2022.

84. Plaintiff offered as a cure in this second letter that JPMCB delete the inaccurate information and pay statutory penalties of $1000 per violation.

85. Defendant never replied to the letter dated October 3rd, 2022, that was signed for by them on or about October 7th, 2022 and continued reporting inaccuracies after having been put on Notice therefore continuing to damage Plaintiff.

86. Plaintiff was gracious with two attempts to cure. Both of those attempts were a willingness to just have the inaccuracies fixed or deleted as is clearly outlined in the FCRA.

87. Plaintiff was continually ignored by Defendant over several months and suffered actual damages as a result of willful and negligent reporting of inaccuracies. The only cure now is actual damages, statutory damages, and punitive damages as the court sees fit.

88. Plaintiff upon belief that USAA was going to continue to violate the FCRA as written, and report inaccuracies authored a second letter in good faith.

89. This second letter was sent certified mail on or about October 3rd, 2022, via USPS with a tracking number #7021 0950 0001 4171 7544 and was signed for on or about October 10th, 2022, at 8:22am.

90. The second letter indicated that USAA "reporting of inaccurate information has caused severe damage to my character, my reputation, my general mode of living, and my ability to obtain credit for personal and household uses."

91. The second letter indicated to USAA "You and your inaccurate reporting have damaged my livelihood."

92. The second letter highlighted 15 USC 1681 s-2 "Responsibilities of furnishers of information to consumer reporting agencies"

93. 15 USC 1681 s-2 says that USAA is a furnisher of information to a consumer reporting agency. Therefore, USAA is prohibited by law to furnish incorrect/inaccurate information.

94. 15 USC 1681 s-2(a)(1)(A) says "A person shall not furnish any information to relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

95. USAA was put on Notice that they were reporting inaccurate information through the letter dated September 1st, 2022, and again with the second letter dated October 3rd, 2022.

96. Plaintiff offered as a cure in this second letter that USAA delete the inaccurate information and pay statutory penalties of $1000 per violation.

97. Defendant never replied to the letter dated October 3rd, 2022, that was signed for by them on or about October 10th, 2022 and continued reporting inaccuracies after having been put on Notice therefore continuing to damage Plaintiff.

98. Plaintiff was gracious with two attempts to cure. Both of those attempts were a willingness to just have the inaccuracies fixed or deleted as is clearly outlined in the FCRA.

99. Plaintiff was continually ignored by Defendant over several months and suffered actual damages as a result of willful and negligent reporting of inaccuracies. The only cure now is actual damages, statutory damages, and punitive damages as the court sees fit.

100. Plaintiff upon belief that CREDCO was going to continue to violate the FCRA as written, and report inaccuracies authored a second letter in good faith.

101. This second letter was sent certified mail on or about October 3rd, 2022, via USPS with a tracking number #7021 0950 0001 4171 7520 and was signed for on or about October 8th, 2022, at 10:11am.

102. The second letter indicated that CREDCO "reporting of inaccurate information has caused severe damage to my character, my reputation, my general mode of living, and my ability to obtain credit for personal and household uses."

103. The second letter indicated to CREDCO "You and your inaccurate reporting have damaged my livelihood."

104. The second letter highlighted 15 USC 1681 s-2 "Responsibilities of furnishers of information to consumer reporting agencies"

105. 15 USC 1681 s-2 says that CREDCO is a furnisher of information to a consumer reporting agency. Therefore, CREDCO is prohibited by law to furnish incorrect/inaccurate information.

106. 15 USC 1681 s-2(a)(1)(A) says "A person shall not furnish any information to relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

107. CREDCO was put on Notice that they were reporting inaccurate information through the letter dated September 1st, 2022, and again with the second letter dated October 3rd, 2022.

108. Plaintiff offered as a cure in this second letter that CREDCO delete the inaccurate information and pay statutory penalties of $1000 per violation.

109. Defendant never replied to the letter dated October 3rd, 2022, that was signed for by them on or about October 8th, 2022 and continued reporting inaccuracies after having been put on Notice therefore continuing to damage Plaintiff.

110. Plaintiff was gracious with two attempts to cure. Both of those attempts were a willingness to just have the inaccuracies fixed or deleted as is clearly outlined in the FCRA.

111. Plaintiff was continually ignored by Defendant over several months and suffered actual damages as a result of willful and negligent reporting of

inaccuracies. The only cure now is actual damages, statutory damages, and punitive damages as the court sees fit.

112. Plaintiff upon belief that Veterans United was going to continue to violate the FCRA as written, and report inaccuracies authored a second letter in good faith.

113. This second letter was sent certified mail on or about October 3rd, 2022, via USPS with a tracking number #7021 0950 0001 4171 7537 and was signed for on or about October 6th, 2022, at 7:19am.

114. The second letter indicated that Veterans United "reporting of inaccurate information has caused severe damage to my character, my reputation, my general mode of living, and my ability to obtain credit for personal and household uses."

115. The second letter indicated to Veterans United "You and your inaccurate reporting have damaged my livelihood."

116. The second letter highlighted 15 USC 1681 s-2 "Responsibilities of furnishers of information to consumer reporting agencies"

117. 15 USC 1681 s-2 says that Veterans United is a furnisher of information to a consumer reporting agency. Therefore, Veterans United is prohibited by law to furnish incorrect/inaccurate information.

118. 15 USC 1681 s-2(a)(1)(A) says "A person shall not furnish any information to relating to a consumer to any consumer reporting agency if the

person knows or has reasonable cause to believe that the information is inaccurate."

119. Veterans United was put on Notice that they were reporting inaccurate information through the letter dated September 1st, 2022, and again with the second letter dated October 3rd, 2022.

120. Plaintiff offered as a cure in this second letter that Veterans United delete the inaccurate information and pay statutory penalties of $1000 per violation.

121. Defendant never replied to the letter dated October 3rd, 2022, that was signed for by them on or about October 6th, 2022 and continued reporting inaccuracies after having been put on Notice therefore continuing to damage Plaintiff.

122. Plaintiff was gracious with two attempts to cure. Both of those attempts were a willingness to just have the inaccuracies fixed or deleted as is clearly outlined in the FCRA.

123. Plaintiff was continually ignored by Defendant over several months and suffered actual damages as a result of willful and negligent reporting of inaccuracies. The only cure now is actual damages, statutory damages, and punitive damages as the court sees fit.

124. Plaintiff upon belief that DFAS was going to continue to violate the FCRA as written, and report inaccuracies authored a second letter in good faith.

125. This second letter was sent certified mail on or about October 3rd, 2022, via USPS with a tracking number #7021 0950 0001 4171 7513 and was signed for on or about October 5th, 2022, at 12:28pm.

126. The second letter indicated that DFAS "reporting of inaccurate information has caused severe damage to my character, my reputation, my general mode of living, and my ability to obtain credit for personal and household uses."

127. The second letter indicated to DFAS "You and your inaccurate reporting have damaged my livelihood."

128. The second letter highlighted 15 USC 1681 s-2 "Responsibilities of furnishers of information to consumer reporting agencies"

129. 15 USC 1681 s-2 says that DFAS is a furnisher of information to a consumer reporting agency. Therefore, DFAS is prohibited by law to furnish incorrect/inaccurate information.

130. 15 USC 1681 s-2(a)(1)(A) says "A person shall not furnish any information to relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

131. DFAS was put on Notice that they were reporting inaccurate information through the letter dated September 1st, 2022, and again with the second letter dated October 3rd, 2022.

132. Plaintiff offered as a cure in this second letter that DFAS delete the inaccurate information and pay statutory penalties of $1000 per violation.

133. Defendant never replied to the letter dated October 3rd, 2022, that was signed for by them on or about October 5th, 2022 and continued reporting inaccuracies after having been put on Notice therefore continuing to damage Plaintiff.

134. Plaintiff was gracious with two attempts to cure. Both of those attempts were a willingness to just have the inaccuracies fixed or deleted as is clearly outlined in the FCRA.

135. Plaintiff was continually ignored by Defendant over several months and suffered actual damages as a result of willful and negligent reporting of inaccuracies. The only cure now is actual damages, statutory damages, and punitive damages as the court sees fit.

**C. Inaccuracy – JPMCB**

136. Despite actual knowledge, JPMCB continued to report Plaintiff's account, 426684158800**** to Trans Union, Experian, and Equifax with inaccurate and incomplete information and "experiences/utilization".

137. Plaintiff alleges that JPMCB did not investigate the inaccuracies that were presented to them.

138. Trans Union, Experian, and Equifax provided notice to JPMCB that Plaintiff was disputing the inaccurate and misleading information, but

JPMCB failed to conduct a reasonable investigation of the information as required by the FCRA.

139. Based on Plaintiff's disputes, the provided notice(s) by the CRAs, and JPMCB's own internal records, JPMCB should have known that Plaintiff's account was being misrepresented and was in fact inaccurately being reported.

140. The most basic investigation would include a simple review of internal documentation on the account compared to its reporting in order to determine if it complies with the maximum possible accuracy and completeness standard of the FCRA.

141. Plaintiff alleges that JPMCB did not review if its reporting complied with the FCRA standards for credit reporting, the dispute letters it received from Plaintiff, the dispute letters it received from the CRAs, or its own internal records concerning Plaintiff's account.

142. If JPMCB reviewed such standards and records, JPMCB would have seen that its reporting was not in compliance and was therefore inaccurate or incomplete. At the very least, the investigation would reveal that there were valid concerns as relayed multiple times by Plaintiff.

143. Further, as this inaccurate reporting is being used to calculate Plaintiff's Credit Score, the credit score alone being what most lenders use to determine Plaintiff's creditworthiness, it is misleading in such a way as to adversely affect credit decisions.

144. The lack of investigation and reporting of inaccurate and incomplete information by JPMCB is unreasonable.

**D. Inaccuracy – USAA**

145. Despite actual knowledge, USAA continued to report Plaintiff's account, 112643**** to Trans Union, Experian, and Equifax with inaccurate and incomplete information and "experiences/utilization".

146. Plaintiff alleges that USAA did not investigate the inaccuracies that were presented to them.

147. Trans Union, Experian, and Equifax provided notice to USAA that Plaintiff was disputing the inaccurate and misleading information, but USAA failed to conduct a reasonable investigation of the information as required by the FCRA.

148. Based on Plaintiff's disputes, the provided notice(s) by the CRAs, and USAA's own internal records, USAA should have known that Plaintiff's account was being misrepresented and was in fact inaccurately being reported.

149. The most basic investigation would include a simple review of internal documentation on the account compared to its reporting in order to determine if it complies with the maximum possible accuracy and completeness standard of the FCRA.

150. Plaintiff alleges that USAA did not review if its reporting complied with the FCRA standards for credit reporting, the dispute letters it received

from Plaintiff, the dispute letters it received from the CRAs, or its own internal records concerning Plaintiff's account.

151. If USAA reviewed such standards and records, USAA would have seen that its reporting was not in compliance and was therefore inaccurate or incomplete. At the very least, the investigation would reveal that there were valid concerns as relayed multiple times by Plaintiff.

152. Further, as this inaccurate reporting is being used to calculate Plaintiff's Credit Score, the credit score alone being what most lenders use to determine Plaintiff's creditworthiness, it is misleading in such a way as to adversely affect credit decisions.

153. The lack of investigation and reporting of inaccurate and incomplete information by USAA is unreasonable.

**E. Inaccuracy – CREDCO**

154. Despite actual knowledge, CREDCO continued to allow "unauthorized inquiries" (with no permissible purpose) to be reported to Trans Union, Experian, and Equifax.

155. Plaintiff alleges that CREDCO did not investigate the inaccuracies that were presented to them.

156. Trans Union, Experian, and Equifax provided notice to CREDCO that Plaintiff was disputing the inaccurate and misleading information, but CREDCO failed to conduct a reasonable investigation of the information as required by the FCRA.

157. Based on Plaintiff's disputes, the provided notice(s) by the CRAs, and CREDCO's own internal records, CREDCO should have known that Plaintiff's account was being misrepresented and was in fact inaccurately being reported.

158. The most basic investigation would include a simple review of internal documentation on the account compared to its reporting in order to determine if it complies with the maximum possible accuracy and completeness standard of the FCRA.

159. Plaintiff alleges that CREDCO did not review if its reporting complied with the FCRA standards for credit reporting, the dispute letters it received from Plaintiff, the dispute letters it received from the CRAs, or its own internal records concerning Plaintiff's account.

160. If CREDCO reviewed such standards and records, CREDCO would have seen that its reporting was not in compliance and was therefore inaccurate or incomplete. At the very least, the investigation would reveal that there were valid concerns as relayed multiple times by Plaintiff.

161. Further, as this inaccurate reporting is being used to calculate Plaintiff's Credit Score, the credit score alone being what most lenders use to determine Plaintiff's creditworthiness, it is misleading in such a way as to adversely affect credit decisions.

162. The lack of investigation and reporting of inaccurate and incomplete information by CREDCO is unreasonable.

**F. Inaccuracy – Veterans United**

163. Despite actual knowledge, Veterans United continued to allow "unauthorized inquiries" (with no permissible purpose) to be reported to Trans Union, Experian, and Equifax.

164. Plaintiff alleges that Veterans United did not investigate the inaccuracies that were presented to them.

165. Trans Union, Experian, and Equifax provided notice to Veterans United that Plaintiff was disputing the inaccurate and misleading information, but Veterans United failed to conduct a reasonable investigation of the information as required by the FCRA.

166. Based on Plaintiff's disputes, the provided notice(s) by the CRAs, and Veterans United's own internal records, Veterans United should have known that Plaintiff's account was being misrepresented and was in fact inaccurately being reported.

167. The most basic investigation would include a simple review of internal documentation on the account compared to its reporting in order to determine if it complies with the maximum possible accuracy and completeness standard of the FCRA.

168. Plaintiff alleges that Veterans United did not review if its reporting complied with the FCRA standards for credit reporting, the dispute letters it received from Plaintiff, the dispute letters it received from the CRAs, or its own internal records concerning Plaintiff's account.

169. If Veterans united reviewed such standards and records, Veterans United would have seen that its reporting was not in compliance and was therefore inaccurate or incomplete. At the very least, the investigation would reveal that there were valid concerns as relayed multiple times by Plaintiff.

170. Further, as this inaccurate reporting is being used to calculate Plaintiff's Credit Score, the credit score alone being what most lenders use to determine Plaintiff's creditworthiness, it is misleading in such a way as to adversely affect credit decisions.

171. The lack of investigation and reporting of inaccurate and incomplete information by Veterans United is unreasonable.

**G. Inaccuracy – DFAS**

172. Despite actual knowledge, DFAS continued to report Plaintiff's account, 40637**** to Trans Union, Experian, and Equifax with inaccurate and incomplete information and "experiences/utilization".

173. Plaintiff alleges that DFAS did not investigate the inaccuracies that were presented to them.

174. Trans Union, Experian, and Equifax provided notice to DFAS that Plaintiff was disputing the inaccurate and misleading information, but DFAS failed to conduct a reasonable investigation of the information as required by the FCRA.

175. Based on Plaintiff's disputes, the provided notice(s) by the CRAs, and DFAS's own internal records, DFAS should have known that Plaintiff's

account was being misrepresented and was in fact inaccurately being reported.

176. The most basic investigation would include a simple review of internal documentation on the account compared to its reporting in order to determine if it complies with the maximum possible accuracy and completeness standard of the FCRA.

177. Plaintiff alleges that DFAS did not review if its reporting complied with the FCRA standards for credit reporting, the dispute letters it received from Plaintiff, the dispute letters it received from the CRAs, or its own internal records concerning Plaintiff's account.

178. If DFAS reviewed such standards and records, DFAS would have seen that its reporting was not in compliance and was therefore inaccurate or incomplete. At the very least, the investigation would reveal that there were valid concerns as relayed multiple times by Plaintiff.

179. Further, as this inaccurate reporting is being used to calculate Plaintiff's Credit Score, the credit score alone being what most lenders use to determine Plaintiff's creditworthiness, it is misleading in such a way as to adversely affect credit decisions.

180. The lack of investigation and reporting of inaccurate and incomplete information by DFAS is unreasonable.

**H. Damages**

181. Plaintiff pulled the credit reports at issue at a cost for access to the reports, after the dispute process, specifically for the sole purpose of verifying that the inaccuracies were fixed.

182. As a result of the inaccurate reporting, Plaintiff has incurred out-of-pocket expenses, and has also suffered emotional harm, physical sickness, and excessive stress resulting in doubt as to the effectiveness of the Fair Credit Reporting Act and the power of this Court to preserve and perpetuate Plaintiff's rights to accurate credit reporting as intended by Congress.

183. Plaintiff has been denied credit and is unable to rebuild his credit based on the inaccurate reporting by Defendants. Further, Plaintiff's diminished creditworthiness, resulting from Defendants inaccurate reporting, has caused him to abandon his intentions to apply for certain credit.

184. Defendants actions, as alleged herein, are in direct violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b).

## FIRST CAUSE OF ACTION (VIOLATION OF FCRA 15 U.S.C. § 1681E(B))

Plaintiff re-alleges and incorporates the allegations in each and every paragraph above as if fully stated herein.

### A. Trans Union, Experian, and Equifax Failed to Ensure Credit Reporting Accuracy

185. Trans Union, Experian, and Equifax ("CRA Defendants") violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to ensure maximum possible accuracy in the preparation of Plaintiff's consumer reports and the credit files it published and maintained concerning Plaintiff.

186. Had CRA Defendants maintained reasonable procedures to ensure maximum accuracy, CRA Defendants would never have allowed Defendants to report the accounts as described herein.

187. CRA Defendants knew, or should have known, (1) that Defendants account(s) were reporting inaccuracies based on Plaintiff's dispute(s) and provided documentation, and (2) Further, the CRA Defendants knew, or should have known, that this inaccurate and incomplete reporting did not reflect maximum possible accuracy and completeness as required by the FCRA.

188. Congress specifically recognized the "elaborate mechanism developed for investigating and evaluating credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." Nayab v. Capital One Bank (USA), NA, 942 F. 3d 480, 492 (9th Cir. 2019). The investigation and evaluation of Plaintiff's creditworthiness, credit standing, credit capacity, character, and general reputation as a consumer are all damaged by the inaccurate reporting the CRA Defendants allowed.

189. As a result of the CRA Defendants violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: damage to reputation, embarrassment, humiliation, dissemination of inaccurate information, diminished credit, and other mental and emotional distress.

**B. Willful Violations**

190. The CRA Defendants violations, as described herein, were willful; specifically, the CRA Defendants have intentionally and purposefully set up a system where inaccuracies are not only probable, but inevitable.

191. The CRA Defendants regularly, as a policy, ignore disputes by consumers and fail to perform even a basic investigation regarding disputes. Additionally, the CRA Defendants regularly fail to forward disputes to data furnishers, thereby frustrating the entire dispute process.

192. To the extent that the CRA Defendants do send consumer disputes, the CRA Defendants send these disputes to employees who do not live within the continental United States to hide or subvert a consumer's liability to confront the individual(s) directly responsible for approving accurate reporting.

193. The CRA Defendants respective employees receive little to no training concerning how to accurately report consumer debt.

194. Instead, the CRA Defendants respective employees are instructed to parrot whatever information a data furnisher provides regardless of whether the information is accurate.

195. The CRA Defendants respective employees are regularly expected to review and approve over ninety (90) disputes per day, rendering less than five (5) minutes to review, investigate, and respond to each dispute received.

196. The CRA Defendants have intentionally set up this system in order to undermine, hide, and otherwise frustrate consumers' ability to properly dispute and correct credit reports.

197. As a result of the CRA Defendants violation of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including, but not limited to: damage to reputation, embarrassment, humiliation, dissemination of inaccurate information, diminished credit, and other mental and emotional distress.

198. The CRA Defendants violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

199. In the alternative, the CRA Defendants were negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681(o).

200. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from the CRA Defendants in an amount to be determined by this Court pursuant to 15 U.S.C § 1681(n) and § 1681(o).

## SECOND CAUSE OF ACTION (VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. §§ 1681s-2(b) and 1681i(a)(1))

Plaintiff re-alleges and incorporates the allegations in each and every paragraph by reference as if fully stated herein.

**A. Defendants Failed to Reinvestigate Following Plaintiff's Dispute**

201. Pursuant to 15 U.S.C. § 1681s-2(b), data furnishers are prohibited from providing any information relating to a consumer to any CRA if it knows, or has reasonable cause to believe, that the information is inaccurate or misleading and requires data furnishers to update and/or correct inaccurate information after a CRA notifies it of a consumer dispute.

202. Defendants sent an AUD or monthly transmission to CRA Defendants which reported inaccuracies and unauthorized inquiries.

203. After receiving the Dispute Letters, Defendants did not correct the inaccuracies as indicated by Plaintiff. Instead, Defendants verified and re-reported the inaccurate information to the CRA via ACDV to each.

204. Once the account inaccuracies were presented in the two dispute letters, the account should be reporting accurately. Not doing so makes the reporting patently incorrect and very likely to mislead a credit reviewer of the consumers' performance and liability on the debt.

205. Defendants violated 15 U.S.C. § 1681s-2(b) by either failing to conduct an investigation or failing to conduct a reasonable investigation, and re-reporting misleading and inaccurate account information.

206. CRA Defendants provided notice to Defendants that Plaintiff was disputing the inaccurate and misleading information; however, Defendants failed to conduct a reasonable investigation as required by the FCRA.

207. Based on Plaintiff's disputes along with a review of its own internal records, Defendants should have reported the corrections to CRA Defendants.

208. Since Defendants have already decided to report this inaccurate account, once it received the Dispute Letters, it had a duty to review all relevant information, and update any incorrect or inaccurate information to each of the CRA Defendants. Inaccurate information includes not only the information reported, but also for omissions that render the reported information misleading.

209. Reporting an account which has years of positive payment history, with multiple inaccuracies is patently incorrect.

210. In addition, this inaccurate reporting also adversely affects credit decisions. These inaccurately reported account(s) are being considered when calculating Plaintiff's Credit Score. Most lenders, employers, and other individuals who access a consumer's credit report approve or deny credit or employment based upon the reported credit score and do not take time to look through each tradeline of every account listed to obtain context. Therefore, Defendants reporting as described herein has a direct adverse effect on Plaintiff's Credit Score and his ability to rebuild his Credit Score and obtain new credit.

211. The lack of investigation by Defendants, as required by the FCRA, is unreasonable.

**B. Willful Violations**

212. Plaintiff alleges that Defendants reported based upon objectively unreasonable interpretations of the FCRA standards of credit reporting and regulatory guidelines on how to accurately report under the FCRA.

213. Plaintiff further alleges that Defendants have not properly trained those directly investigating disputes on FCRA requirements or credit reporting industry standards and, as such, has developed reckless policies and procedures.

214. Plaintiff alleges that rather than train its employees on accurate credit reporting, FCRA requirements, and industry standards, Defendants employees tasked with reviewing disputes are expected to confirm the information being reported as "accurate" instead of investigating the reported information.

215. In the alternative, Defendants were negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681(o).

**C. The CRA Defendants Failed to Reinvestigate the Disputed Information in Violation of 15 U.S.C. § 1681i(a)(1)**

216. Pursuant to 15 U.S.C. § 1681i(a)(1), the CRA Defendants were required to conduct a reasonable investigation and to delete any information

that was not accurate after receiving notice of Plaintiff's disputes regarding the Defendants accounts ("tradelines").

217. Thus, the CRA Defendants failed to conduct a reasonable investigation and correct the misleading and/or inaccurate statements on the account within the statutory time frame.

218. The CRA Defendants are not a passive entity bound to report whatever information a data furnisher provides.

219. Plaintiff alleges the CRA Defendants are readily familiar with the FCRA requirements and credit reporting industry standards.

220. Based on the foregoing, Plaintiff alleges that the CRA Defendants can, and do, suppress inaccurate information from being reported when data furnishers provide inaccurate information.

221. The CRA Defendants can and do instruct data furnishers on how to properly report certain accounts from time to time upon request from a data furnisher.

222. CRA Defendants failed to conduct reasonable investigations because any basic investigation would have uncovered that Defendants were not reporting the account at hand correctly.

223. Had CRA Defendants conducted proper investigations they could have updated the account information as reflected in the dispute letters to indicate the correct information. However, CRA Defendants continued to report the accounts as described herein.

224. CRA Defendants, therefore, did not conduct even the most basic investigation regarding the requirements set forth in the FCRA or credit reporting industry standards, otherwise the aforementioned would have been uncovered.

225. In the alternative, Plaintiff alleges that CRA Defendants did not send an ACDV to Defendants to confirm accurate reporting on its account. Despite receiving the dispute letters providing notice of inaccuracies, CRA Defendants did not correct the tradeline(s) or conduct an investigation.

226. In the alternative, if the CRA Defendants deemed Plaintiff's dispute letters "frivolous or irrelevant" under 15 U.S.C. § 1681i(a)(3), the CRA Defendants failed to notify Plaintiff of such determination as required by 15 U.S.C. § 1681i(a)(3)(B). As Plaintiff received no such notice from the CRA Defendant, Plaintiff alleges the CRA Defendant deemed his Dispute Letters valid, and this triggered its obligation under 15 U.S.C. § 1681i(a)(1) and (2)(A), for which they did not comply.

**THIRD CAUSE OF ACTION (Violation of Fair Credit Reporting Act 15 U.S.C. § 1681i(a)(4))**

Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A. The CRA Defendants Failed to Review and Consider all Relevant Information**

227. The CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff; specifically, the Dispute Letter evidence.

228. The CRA Defendants violations of 15 U.S.C. § 1681i(a)(4) have caused Plaintiff to suffer actual damages, including, but not limited to: damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

**B. Willful Violations**

229. The CRA Defendants violations were willful, rendering it liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

230. In the alternative, the CRA Defendants were negligent in failing to review and consider all relevant information Plaintiff submitted, which entitles Plaintiff to recovery under 15 U.S.C. § 1681(o).

231. Plaintiff is entitled to recover actual damages, statutory damages, cost and attorneys' fees from the CRA Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and § 1681(o).

**FOURTH CAUSE OF ACTION (Violation of Fair Credit Reporting Act 15 U.S.C. § 1681i(a)(5)(A))**

Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A. The CRA Defendants Failed to Delete Disputed and Inaccurate Information.**

232. The CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

233. The CRA Defendants violations of 15 U.S.C. § 1681i(a)(5)(A) have resulted in Plaintiff suffering actual damages, including, but not limited to: damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

**B. Willful Violations**

234. The CRA Defendants violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court and pursuant to 15 U.S.C. § 1681(n).

235. In the alternative, the CRA Defendant was negligent, which entitles Plaintiff to recovery pursuant to 15 U.S.C. § 1681(o).

236. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from the CRA Defendant in an amount to be determined by the Court and pursuant to 15 U.S.C. § 1681(n) and § 1681(o).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. For preliminary and permanent injunctive relief to stop Defendants and CRA Defendants from engaging in the conduct described above;

b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681(n);

c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681(n);

d. Award attorneys' fees and costs of suit incurred herein pursuant to 15 U.S.C. §§ 1681(n) and 1681(o);

e. For determination by the Court that Defendants and CRA Defendants policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681(n), *et seq.*; and

f. For determination by the Court that Defendants and CRA Defendants policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681(o)

Dated: February 23rd, 2023

Respectfully submitted,

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451

**Certificate of Service**

I hereby certify that on February 23rd, 2023, a copy of the foregoing has been duly served upon the Clerk of this Court and individual(s) listed below by E-Service using the Indiana E-Filing System, pursuant to Rules 5(C), 5(F)(6), and 86(G)(3) of the Indiana Rules of Trial Procedure, and Administrative Rule 16, or pursuant to Trial Rule 5(B)(2) as appropriate:

Distribution:

No parties having appeared.

/s/ Joey Kimbrough

Joey Kimbrough, Attorney-in-Fact

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ______________________

TIMOTHY J. BRANYAN;

Plaintiff,

v.

JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,

Defendants.

**NOTICE AND CERTIFICATION OF COPY OF POWER OF ATTORNEY AND ASSIGNMENT OF CLAIM FOR DAMAGES**

**TAKE NOTICE**

THE PLAINTIFF NOW APPEARS, TIMOTHY J. BRANYAN ("Plaintiff"), by and through JOEY KIMBROUGH, acting as Attorney-in-fact, pursuant to IC 30-5-8-5 and the Uniform Commercial Code, alleges and states as follows:

1. **IC 30-5-8-5** *Copy of power of attorney; certification* - clearly states, Sec. 5 "A copy of the power of attorney has the same force and effect as the original

power of attorney if the attorney in fact or the person granting the power of attorney certifies that the copy is a true and correct copy."

2. Joey Kimbrough, the Attorney-in-fact, hereby certifies that the fully executed Limited Durable Power of Attorney attached as **Exhibit A** is a true and correct copy of the original.

3. The **Uniform Commercial Code Article 3** – *Negotiable Instruments* – **Part 3** – *Enforcement of Instruments* - **§ 3-303** – *Value and Consideration* – clearly states, (a) "An instrument is issued or transferred for value if: (1) the instrument is issued or transferred for a promise for performance, to the extent the promise has been performed; (2) the transferee acquires a security interest or other lien in the instrument other than a lien obtained by judicial proceeding; (3) **the instrument is issued or transferred as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due**; (4) the instrument is issued or transferred in exchange for a negotiable instrument; or (5) the instrument is issued or transferred in exchange for the incurring of an irrevocable obligation to a third party by the person taking the instrument; (b) "Consideration" means any consideration sufficient to support a simple contract. The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the

promise has not been performed. If an instrument is issued for value as stated in subsection (a), the instrument is also issued for consideration."

4. Joey Kimbrough, the Attorney-in-fact, hereby certifies that a true and correct copy of the fully executed and transferred *Assignment of Claim for Damages* is attached as **Exhibit B.**

Dated: February 23rd, 2023

Respectfully submitted,

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff
618 South Union Street
Kokomo, IN 46901

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451

**Certificate of Service**

I hereby certify that on February 23rd, 2023, a copy of the foregoing has been duly served upon the Clerk of this Court and individual(s) listed below by E-Service using the Indiana E-Filing System, pursuant to Rules 5(C), 5(F)(6), and 86(G)(3) of the Indiana Rules of Trial Procedure, and Administrative Rule 16, or pursuant to Trial Rule 5(B)(2) as appropriate:

Distribution:

No parties having appeared.

/s/ Joey Kimbrough

Joey Kimbrough, Attorney-in-Fact

# LIMITED DURABLE POWER OF ATTORNEY

I, **Timothy Branyan**, residing at **618 South Union St., Kokomo, IN 46901**, hereby appoint **Joey Kimbrough**, residing at **1712 Candy Court South, Kokomo, IN 46902**, as my Attorney-in-Fact ("Agent").

My Agent shall have limited power and authority to act on my behalf. This power shall authorize my Agent to manage and conduct my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My Agent's power shall include, and be limited to, the power to:

a. Take any and all legal steps necessary to collect any amount or debt owed to me, or to settle any claim, whether made against me or asserted on my behalf against any other person or entity.

b. Enter into binding contracts on my behalf.

c. Employ professional assistance as may be appropriate, including attorneys.

d. Act for me in any lawful way in credit and debt matters, claims and litigation.

This Power of Attorney shall be construed to be a Limited Power of Attorney. The list of specific powers is intended to limit and restrict the power granted in this Limited Power of Attorney.

Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Limited Power of Attorney from causing:

i. My income to be taxable to my Agent;

ii. My assets to be subject to general power of appointment by my Agent; and

iii. My Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Limited Power of Attorney.

I authorize my agent to indemnify and hold harmless any third party who accepts and acts under this document.

My Agent shall be entitled to reasonable compensation for any services provided as my Agent. My Agent shall be entitled to reimbursement of all reasonable expenses incurred in connection with this Limited Power of Attorney.

My Agent shall provide an accounting for all funds handled and all acts performed as my Agent, if I so request or if such a request is made by any authorized personal representative or fiduciary acting on my behalf.

This Limited Power of Attorney shall become effective immediately and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Limited Power of Attorney. This Limited Power of Attorney shall continue effective until my death.

This Limited Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

[signature]
Timothy J. Branyan

09/06/2022
Date

STATE OF INDIANA
COUNTY OF: HOWARD

ON THIS 6th DAY OF September 2022, THIS RECORD WAS SIGNED BEFORE ME BY TIMOTHY J. BRANYAN.

NOTARY PUBLIC SEAL STATE OF INDIANA

Jill L. Evers
Notary Public - State of Indiana
Howard County
Commission Number 681000
My Commission Expires
March 17, 2024

[signature]
NOTARY PUBLIC SIGNATURE

COMMISSIONED IN
HOWARD COUNTY

**ACCEPTANCE OF APPOINTMENT AS AGENT (ATTORNEY IN FACT):**

[signature]
Joey Kimbrough

9/6/22
Date

# ASSIGNMENT OF CLAIM FOR DAMAGES

FOR VALUE RECEIVED, the *Timothy J. Branyan* ("Assignor"), whose address is *618 South Union St., Kokomo, IN 46901*, hereby sells and transfers 100% interest to *Joey Kimbrough* ("Assignee"), whose address is *1712 Candy Court South, Kokomo, IN 46902* and its successors, assigns, and personal representatives, any and all claims, demands, and cause or causes of action of any kind whatsoever, which the undersigned has or may have against any person or persons arising from the following types of claims:

1. the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x;
2. the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692p,
3. Uniform Commercial Code, Article 9, Part 6,
4. the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and
5. any applicable state laws related to a consumer law, tort, and negligence legal claims.

The Assignee may in its own name, or under the Assignor's name, and for its own benefit prosecute, collect, settle, compromise, and grant releases on said claim(s) in its sole discretion deems advisable. Signature or action on this Assignment by Assignee constitutes acceptance.

Signed under seal on the date indicated below.

**ASSIGNOR**

[signature]
Timothy J. Branyan

09/06/2022
Date

Accepted by:

**ASSIGNEE**

[signature]
Joey Kimbrough

9/6/22
Date

34D04-2302-CT-000477
Howard Superior Court 4
Filed: 2/23/2023 6:25 PM
Clerk
Howard County, Indiana

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ______________________

TIMOTHY J. BRANYAN,

Plaintiff,

v.

JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,

Defendants.

**SUMMONS**

**TO DEFENDANT:** CORELOGIC CREDCO, LLC
c/o Corporation Service Company
135 North Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

You have been sued by the person named "Plaintiff," in the court stated above.

The nature of the suit against you is stated in the complaint that is attached to this summons. It also states the relief sought or the demand made against you by the Plaintiff.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons (you have twenty-three (23) days to answer if this summons was received by mail, or a judgment by default may be rendered against you for relief plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 2/24/2023 ________________ (Seal)

Clerk of the Court of Howard County

AS

HOWARD COUNTY COURTS SEAL INDIANA

Howard County Clerk c/o Debra C. Stewart
104 N. Buckeye St., Room 202
Kokomo, IN. 46901
(765) 456-2000

Joey Kimbrough, Attorney-in-Fact
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
joeykokomo2002@yahoo.com

Plaintiff designates the following manner of service:

**Certified Mail at the above address**

Dated: February 23rd, 2023

Respectfully Submitted,

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff
618 South Union Street
Kokomo, IN 46901

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ______________________

| | |
|---|---|
| TIMOTHY J. BRANYAN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,<br><br>Defendants. | **SUMMONS** |

**TO DEFENDANT:** DEFENSE FINANCE ACCOUNTING SERVICE
8899 East 56th Street, Dept. 3300
Indianapolis, IN 46249-3300

You have been sued by the person named "Plaintiff," in the court stated above.

The nature of the suit against you is stated in the complaint that is attached to this summons. It also states the relief sought or the demand made against you by the Plaintiff.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons (you have twenty-three (23) days to answer if this summons was received by mail, or a judgment by default may be rendered against you for relief plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 2/24/2023

Debbie Stewart (Seal)
Clerk of the Court of Howard County

HOWARD COUNTY COURTS
AS SEAL
INDIANA

Howard County Clerk c/o Debra C. Stewart
104 N. Buckeye St., Room 202
Kokomo, IN. 46901
(765) 456-2000

Joey Kimbrough, Attorney-in-Fact
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
joeykokomo2002@yahoo.com

Plaintiff designates the following manner of service:

**Certified Mail at the above address**

Dated: February 23rd, 2023

Respectfully Submitted,

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff
618 South Union Street
Kokomo, IN 46901

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ______________________

| | |
|---|---|
| TIMOTHY J. BRANYAN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,<br><br>Defendants. | **SUMMONS** |

**TO DEFENDANT:** EQUIFAX INFORMATION SERVICES LLC
c/o Corporation Service Company
135 North Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

You have been sued by the person named "Plaintiff," in the court stated above.

The nature of the suit against you is stated in the complaint that is attached to this summons. It also states the relief sought or the demand made against you by the Plaintiff.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons (you have twenty-three (23) days to answer if this summons was received by mail, or a judgment by default may be rendered against you for relief plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 2/24/2023

Debra Stewart (Seal)
Clerk of the Court of Howard County AS

HOWARD COUNTY COURTS SEAL INDIANA

Howard County Clerk c/o Debra C. Stewart
104 N. Buckeye St., Room 202
Kokomo, IN. 46901
(765) 456-2000

Joey Kimbrough, Attorney-in-Fact
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
joeykokomo2002@yahoo.com

Plaintiff designates the following manner of service:

**Certified Mail at the above address**

Dated: February 23rd, 2023

Respectfully Submitted,

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff
618 South Union Street
Kokomo, IN 46901

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451

34D04-2302-CT-000477
Howard Superior Court 4
Filed: 2/23/2023 6:25 PM
Clerk
Howard County, Indiana

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ______________________

| | |
|---|---|
| TIMOTHY J. BRANYAN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,<br><br>Defendants. | **SUMMONS** |

**TO DEFENDANT:** EXPERIAN INFORMATION SOLUTIONS, INC.
c/o registered agent CT Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

You have been sued by the person named "Plaintiff," in the court stated above.

The nature of the suit against you is stated in the complaint that is attached to this summons. It also states the relief sought or the demand made against you by the Plaintiff.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons (you have twenty-three (23) days to answer if this summons was received by mail, or a judgment by default may be rendered against you for relief plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 2/24/2023

Debbie Stewart (Seal)
Clerk of the Court of Howard County
AS

HOWARD COUNTY COURTS
SEAL
INDIANA

Howard County Clerk c/o Debra C. Stewart
104 N. Buckeye St., Room 202
Kokomo, IN. 46901
(765) 456-2000

Joey Kimbrough, Attorney-in-Fact
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
joeykokomo2002@yahoo.com

Plaintiff designates the following manner of service:

**Certified Mail at the above address**

Dated: February 23rd, 2023

Respectfully Submitted,

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff
618 South Union Street
Kokomo, IN 46901

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ______________________

| | |
|---|---|
| TIMOTHY J. BRANYAN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,<br><br>Defendants. | **SUMMONS** |

**TO DEFENDANT:** JPMORGAN Chase Bank
c/o registered agent CT Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

You have been sued by the person named "Plaintiff," in the court stated above.

The nature of the suit against you is stated in the complaint that is attached to this summons. It also states the relief sought or the demand made against you by the Plaintiff.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons (you have twenty-three (23) days to answer if this summons was received by mail, or a judgment by default may be rendered against you for relief plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 2/24/2023 ________________ (Seal)
Clerk of the Court of Howard County

HOWARD COUNTY COURTS SEAL AS INDIANA

Howard County Clerk c/o Debra C. Stewart
104 N. Buckeye St., Room 202
Kokomo, IN. 46901
(765) 456-2000

Joey Kimbrough, Attorney-in-Fact
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
joeykokomo2002@yahoo.com

Plaintiff designates the following manner of service:

**Certified Mail at the above address**

Dated: February 23rd, 2023

Respectfully Submitted,

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff
618 South Union Street
Kokomo, IN 46901

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ______________________

| | |
|---|---|
| TIMOTHY J. BRANYAN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,<br><br>Defendants. | **SUMMONS** |

**TO DEFENDANT:** MORTGAGE RESEARCH CENTER, LLC
AKA VETERANS UNITED HOME LOANS
c/o LEGALINC CORPORATE SERVICES INC.
8520 Allison Pointe Boulevard, Suite 220 #122
Indianapolis, IN 46250

You have been sued by the person named "Plaintiff," in the court stated above.

The nature of the suit against you is stated in the complaint that is attached to this summons. It also states the relief sought or the demand made against you by the Plaintiff.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons (you have twenty-three (23) days to answer if this summons was received by mail, or a judgment by default may be rendered against you for relief plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 2/24/2023 ________________________________(Seal)

Clerk of the Court of Howard County

AS

HOWARD COUNTY COURTS SEAL INDIANA

Howard County Clerk c/o Debra C. Stewart
104 N. Buckeye St., Room 202
Kokomo, IN. 46901
(765) 456-2000

Joey Kimbrough, Attorney-in-Fact
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
joeykokomo2002@yahoo.com

Plaintiff designates the following manner of service:

**Certified Mail at the above address**

Dated: February 23rd, 2023

Respectfully Submitted,

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff
618 South Union Street
Kokomo, IN 46901

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ______________________

TIMOTHY J. BRANYAN,

Plaintiff,

v.

JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,

Defendants.

**SUMMONS**

**TO DEFENDANT:** TRANS UNION LLC
c/o The Prentice-Hall Corporation System Inc.
135 North Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

You have been sued by the person named "Plaintiff," in the court stated above.

The nature of the suit against you is stated in the complaint that is attached to this summons. It also states the relief sought or the demand made against you by the Plaintiff.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons (you have twenty-three (23) days to answer if this summons was received by mail, or a judgment by default may be rendered against you for relief plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 2/24/2023

Debbie Stewart (Seal)
Clerk of the Court of Howard County

HOWARD COUNTY COURTS
AS SEAL
INDIANA

Howard County Clerk c/o Debra C. Stewart
104 N. Buckeye St., Room 202
Kokomo, IN. 46901
(765) 456-2000

Joey Kimbrough, Attorney-in-Fact
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
joeykokomo2002@yahoo.com

Plaintiff designates the following manner of service:

**Certified Mail at the above address**

Dated: February 23rd, 2023

Respectfully Submitted,

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff
618 South Union Street
Kokomo, IN 46901

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451

STATE OF INDIANA
IN THE HOWARD COUNTY SUPERIOR COURT

CAUSE NO. ______________________

TIMOTHY J. BRANYAN,

Plaintiff,

v.

JPMORGAN CHASE BANK AKA JPMCB CARD; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; MORTGAGE RESEARCH CENTER LLC DBA VETERANS UNITED HOME LOANS; DEFENSE FINANCE ACCOUNTING SERVICE AKA DFAS-IN; CORELOGIC CREDCO LLC DBA CREDCO; USAA FEDERAL SAVINGS BANK,

Defendants.

**SUMMONS**

**TO DEFENDANT:** USAA FEDERAL SAVINGS BANK
9800 Fredericksburg Rd.
San Antonio, TX 78288

You have been sued by the person named "Plaintiff," in the court stated above.

The nature of the suit against you is stated in the complaint that is attached to this summons. It also states the relief sought or the demand made against you by the Plaintiff.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons (you have twenty-three (23) days to answer if this summons was received by mail, or a judgment by default may be rendered against you for relief plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 2/24/2023 ______________________________(Seal)

Clerk of the Court of Howard County

AS

HOWARD COUNTY COURTS SEAL INDIANA

Howard County Clerk c/o Debra C. Stewart
104 N. Buckeye St., Room 202
Kokomo, IN. 46901
(765) 456-2000

Joey Kimbrough, Attorney-in-Fact
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
joeykokomo2002@yahoo.com

Plaintiff designates the following manner of service:

**Certified Mail at the above address**

Dated: February 23rd, 2023

Respectfully Submitted,

/s/ TIMOTHY J. BRANYAN
Timothy J. Branyan, Plaintiff
618 South Union Street
Kokomo, IN 46901

BY: /s/ Joey Kimbrough
Joey Kimbrough, Attorney-in-fact
1712 Candy Court South
Kokomo, IN 46902
joeykokomo2002@yahoo.com
(765) 437-8451