UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY J. BRANYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00372-JPH-KMB |
| | ) |
| JP MORGAN CHASE BANK A/K/A JPMCB CARD, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, MORTGAGE RESEARCH CENTER LLC D/B/A VETERANS UNITED HOME LOANS, DEFENSE FINANCE ACCOUNTING SERVICE A/K/A DFAS-IN, CORELOGIC CREDCO LLC D/B/A CREDCO, USAA FEDERAL SAVINGS BANK, TRANS UNION, LLC, | ) |
| Defendants. | ) |

**ORDER**

On February 23, 2023, Timothy Branyan sued a group of financial and credit reporting entities in state court alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Dkt. 6-1. Defendant Trans Union, LLC, removed the case on March 2, 2023, invoking federal question jurisdiction. Dkt. 1; 28 U.S.C. § 1331. Trans Union asserts that the state court has no record that other defendants have been served in this suit. Dkt. 1 at 2 ¶5. Therefore, it appears at this stage that removal was proper at the time

1

it was effected. *See* 28 U.S.C. § 1446 (requiring removal within 30 days with the consent of "all defendant who have been . . . served.").

Nevertheless, Mr. Branyan filed a motion to remand arguing that the case must be remanded because District Judge Richard Young "did not accept subject matter jurisdiction" over a prior suit by Mr. Branyan against the same group of defendants. Dkt. 9; *see Branyan v. J.P. Morgan Chase Bank, et al.*, 1:22-cv-2438-RLY-MPB. There are two problems with this motion. First, it must be noted that Judge Young did not dismiss the case for lack of subject-matter jurisdiction; rather, he dismissed the case because Mr. Branyan never appeared on his own behalf to pursue his claims. *See* 1:22-cv-2438-RLY-MPB, docket no. 13 at 5 ("Mr. Branyan, has not complied with this Court's orders to appear and file a complaint on his own behalf or engage an attorney to do so. This action will therefore be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders.").

Second, the motion to remand, like other motions filed in the prior action, was filed on Mr. Branyan's behalf by his "attorney-in-fact" Joey Kimbrough. *See* dkt. 9 at 3. Mr. Kimbrough also filed a notice of appearance on behalf of Mr. Branyan. *See* dkt. 7. As Mr. Branyan and Mr. Kimbrough were warned by Judge Young on several occasions in the prior suit, a *pro se* party cannot be represented in court by a non-lawyer. *See* 1:22-cv-2438-RLY-MPB, docket nos. 6, 9, 13. That is, "Mr. Kimbrough's possible status as Mr. Branyan's attorney-in-fact cannot confer upon him the right to act as an attorney in a court of law." 1:22-cv-2438-RLY-MPB, docket no. 9 at 2 (citing

2

*Dridi v. Am. Family Mut. Ins. Co.*, 849 Fed. Appx. 161, 163 (7th Cir. 2021) (affirming dismissal of suit brought by an attorney-in-fact on behalf of another and observing, "litigants could circumvent [the court's local rule limiting practice to members of its bar] if they could confer the ability to practice law to anybody by the facile expedient of signing a power of attorney.")).

Accordingly, **Mr. Kimbrough** is **ORDERED** to refrain from making any future filings in this case or any other case in this court unless he is a bona fide party to the case.  Failure to comply with this order may result in monetary or other sanctions and may result in referral of Mr. Kimbrough's practices to the Chief Judge for any action she deems appropriate.[1]

**Mr. Branyan** has **until April 10, 2023**, in which to file a statement indicating whether he wants to pursue this lawsuit on his own behalf. Alternatively, a licensed attorney admitted to practice in this court may appear and file a statement indicating his or her intent to represent Mr. Branyan in this matter.  Failure to take either action may result in dismissal of this action without further warning.

The Clerk is **directed** to **strike** dkts. 7, 8, and 9.  The Clerk is further **directed** to make distribution of the order to Mr. Branyan by certified mail, return receipt requested.

---

[1] Distribution of this order is made to Mr. Kimbrough for the limited purpose of providing him notice of the Court's warning.  He is not permitted to file any response unless he is a bona fide party to the action.

**SO ORDERED.**

Date: 3/14/2023

                                                                 James Patrick Hanlon
                                                                 United States District Judge
                                                                 Southern District of Indiana

Distribution:

TIMOTHY J. BRANYAN
618 South Union Street
Kokomo, IN 46902

Stuart Settle
Schuckit & Associates, P.C.
ssettle@schuckitlaw.com

Joey Kimbrough
1712 Candy Court South
Kokomo, IN 46902