UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY J. BRANYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00372-JPH-TAB |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| MORTGAGE RESEARCH CENTER LLC D/B/A VETERANS UNITED HOME LOANS, | ) | |
| DEFENSE FINANCE ACCOUNTING SERVICE A/K/A DFAS-IN, | ) | |
| USAA FEDERAL SAVINGS BANK, | ) | |
| TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On February 23, 2023, Timothy Branyan sued a group of financial and credit reporting entities alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Dkt. 6-2.[1] On July 5, 2023, he filed a motion for "entry of default" and "default judgment" against the Defense Finance and Account Service (DFAS), arguing that it has failed to appear or otherwise defend this suit. Dkt. 82. A week later, DFAS appeared and moved to dismiss arguing that Mr. Branyan did not properly serve it pursuant to Federal Rule of Civil Procedure 4(i). Dkt. 86.

---

[1] Defendant Trans Union, LLC, removed the case on March 2, 2023, invoking federal question jurisdiction. Dkt. 1; 28 U.S.C. § 1331.

1

In response, Mr. Branyan sought leave for additional time to comply with the rules regarding service on the federal government, dkt. 95, which was granted by the Magistrate Judge, dkt. 96.

Because default cannot be entered against a defendant who has not been properly served, *see* Fed. R. Civ. P. 12(a); Fed. R. Civ. P. 55, the combined motion for entry of default and default judgment is **DENIED**.  Dkt. [82].[2] Similarly, because Mr. Branyan has been granted leave to attempt proper service, DFAS's motion to dismiss is **DENIED without prejudice**.  Dkt. [86].

**SO ORDERED.**

Date: 7/28/2023

Distribution:

TIMOTHY J. BRANYAN
618 South Union Street
Kokomo, IN 46901

All electronically registered counsel

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[2] The Court also notes that obtaining default against a party is a two-step process: "the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Intern., Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016); see Fed. R. Civ. P. 55.  Since no entry of default has been entered against DFAS, Mr. Branyan's combined motion would be denied for that additional reason.