UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY J. BRANYAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00372-JPH-TAB ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., MORTGAGE RESEARCH CENTER LLC D/B/A VETERANS UNITED HOME LOANS, DEFENSE FINANCE ACCOUNTING SERVICE A/K/A DFAS-IN, USAA FEDERAL SAVINGS BANK, TRANS UNION, LLC, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Timothy Branyan sued a group of financial and credit reporting entities alleging violations of the Fair Credit Reporting Act (FCRA).[1] Defendant USAA Federal Savings Bank then moved to dismiss the claims against it for failure to state a claim. For the reasons that follow, Mr. Branyan's motion for leave to file a response in opposition to the motion to dismiss is **GRANTED**. dkt [83]. USAA's motion to dismiss is **GRANTED in part and DENIED in part**, dkt. [32].

**I.
Belated Response**

USAA filed its motion to dismiss on March 24, 2023. Dkt. 32. Mr. Branyan did not respond within 21 days as the Court's Local Rules require.

---

[1] Defendant Trans Union, LLC, removed the case on March 2, 2023, invoking federal question jurisdiction. Dkt. 1; 28 U.S.C. § 1331.

S.D. Ind. L.R. 7-1(c)(2).  USAA filed a notice alerting the Court to the delay on July 5, 2023.  Dkt. 81.  Four days later, over three months after the deadline to respond had passed, Mr. Branyan filed a "motion for leave to file response in opposition" to the motion to dismiss, which included his arguments in response to USAA's motion—*i.e.*, that his complaint has merit and he should be allowed to develop his claims.  *Id.* at 4–5 (requesting that "this Response in Opposition should be approved"); dkt. 89.  USAA does not oppose leave for that response to be filed.  Dkt. 84 at 1.

"A district court may [] extend a party's time to respond to a motion . . . even after the time [to do so] has expired if the party's failure to respond was due to 'excusable neglect.'"  *Miller v. Chicago Trans. Auth.*, 20 F.4th 1148, 1153 (7th Cir. 2021); *see* Fed. R. Civ. P. 6(b)(1)(B); S.D. Ind. L.R. 6-1(c)(3).  "To find 'excusable neglect,' courts should consider all relevant circumstances surrounding the party's neglect."  *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020).  "Such circumstances include the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Miller*, 20 F.4th at 1153 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, USAA does "not oppose leave *per se*" but responded to Mr. Branyan's arguments.  Dkt. 84 at 1.  The arguments have therefore been fully briefed and USAA has not identified any prejudice to it.  Moreover, Mr. Branyan

filed his response shortly after USAA filed a notice alerting the Court to the delay.  Dkt. 81; dkt. 83.

And, while the delay in this case was "careless and regrettable," *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000), Mr. Branyan's conduct was not egregious, and he has provided plausible reasons for his delay.  Mr. Branyan mistakenly believed that his former counsel had obtained an extension of time to respond to the motion to dismiss (counsel had sought an extension for another defendant's motion to dismiss, dkt. 55); he was out of the country for three weeks; and he has been attempting to resolve this case.  Dkt. 83 at 2–5.  These circumstances reflect an inattention to litigation deadlines and procedures rather than a deliberate disregard for deadlines.  *See Miller*, 20 F.4th at 1153.  Therefore, the motion for leave to file a response in opposition to the motion to dismiss is **GRANTED**.  Dkt. [83].  Mr. Branyan's arguments against USAA's motion to dismiss will be considered.  However, Mr. Branyan should expect that all other deadlines will be strictly enforced.  *See Bowman*, 962 F.3d at 998 ("Scheduling orders and court-imposed deadlines matter.").

## II.
## Facts and Background

Because USAA has moved for dismissal under Rule 12(b)(6), the Court accepts and recites the well-pleaded facts relevant to that claim as true.  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

In early September 2022, Mr. Branyan ordered credit reports from the three major credit bureaus—Equifax, Transunion, and Experian ("the CRAs").

Dkt. 1-1, ¶ 38.  The reports included "adverse tradelines" that were reporting "inaccurate, misleading, or incomplete information."  *Id.*, ¶ 39.  Mr. Branyan then "disputed the inaccurate tradelines . . . with USAA."  *Id.*, ¶48.  He requested that the "derogatory report[] be updated to ensure accuracy and completeness."  *Id.*, ¶52.  After that, Mr. Branyan "is informed and believes that TransUnion, Experian, and Equifax each received [his] Dispute Letters and, in response, sent [his] disputes to USAA, as the data furnisher, via" the online portal that CRAs use to communicate these disputes.  *Id.*, ¶53.

      Mr. Branyan then ordered another credit report from the CRAs "to determine if the reporting on the account was updated."  *Id.*, ¶75.  Seeing that it was not, he sent another letter to USAA informing it that the inaccurate information being reported had affected his reputation and his ability to obtain credit for personal and household uses.  *Id.*, ¶¶89–90.  He also reminded USAA of its obligations under the FCRA to furnish only accurate information to CRAs.  *Id.* ¶¶92–94; *see* 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.").  USAA did not respond and did not stop reporting the inaccurate information.  *Id.*, ¶97.

      Mr. Branyan then brought this case alleging that USAA violated the FCRA, 15 U.S.C. § 1681s-2(b), by failing "to investigate the inaccuracies that were presented to them."  *Id.*, ¶146.  He also alleges that "the CRA defendants provided notice to USAA that Plaintiff was disputing the inaccurate and

4

misleading information, but USAA failed to conduct a reasonable investigation of the information as required by the FCRA." *Id.*, ¶147. He alleges that this information has adversely affected his ability to rebuild his credit score or obtain new credit. *Id.*, ¶210. He seeks injunctive and declaratory relief and damages. *Id.* at 48.

USAA has moved to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 32.

### III.
### Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

# IV.
# Analysis

§ 1681s-2 of the FCRA governs debt collectors'—called furnishers—responsibilities when reporting information about outstanding debts to CRAs. *Chaitoff v. Experian Info. Sol., Inc.*, --- F.4th ---, 2023 WL 5200125 (7th Cir. 2023). Under § 1681s-2(b), "when a credit-reporting agency notifies a debt collector of a disputed debt, the debt collector . . . must conduct an investigation with respect to the disputed information." *Walton v. EOS CCA*, 885 F.3d 1024, 1028 (7th Cir. 2018). A furnisher is only liable under § 1681s-2(b) if their investigation is unreasonable. *Id.*; *see Woods v. LVLN Funding, LLC*, 27 F.4th 544, 550 (7th Cir. 2022) ("the reasonableness of a furnisher's investigation 'is a factual question normally reserved for trial' unless the defendant's procedures were reasonable 'beyond question.'").

USAA—the furnisher in this case—argues that Mr. Branyan's claim under 15 U.S.C. § 1681s-2(b), must be dismissed because he has not pleaded sufficient facts to show that the CRAs sent it notice of the dispute, and thus he hasn't alleged that USAA's duty to investigate was ever triggered. Dkt. 32 at 6–8. USAA argues that the allegation that he is "informed and believes" that the CRAs sent notice is not sufficient. *Id.* Mr. Branyan argues that his complaint has merit, dkt. 89 at 3, but does not specify which factual allegations support this claim against USAA.[2]

---

[2] To the extent that Mr. Branyan argues USAA's motion should be denied because it has not answered his complaint, dkt. 83 at 5, that is no basis for denying the motion. *See* Fed. R. Civ. P. 12(b) (requiring that a Rule 12(b) motion "be made before pleading if a responsive pleading is allowed.").

Contrary to USAA's argument, however, Mr. Branyan's complaint does not rely on "information and belief" alone. Instead, the complaint straightforwardly alleges that "the CRA defendants provided notice to USAA that Plaintiff was disputing the inaccurate and misleading information, but USAA failed to conduct a reasonable investigation of the information as required by the FCRA." Dkt 6-2, ¶147. Taking that allegation as true, Mr. Branyan has adequately pleaded a § 1681s-2(b) claim against USAA. The motion is **denied** with respect to that claim.

USAA also argues that to the extent Mr. Branyan claims it violated 15 U.S.C. § 1681s-2(a), that claim must be dismissed because there is no private right of action under that provision. Dkt. 32 at 4. It's not clear whether Mr. Branyan sought to bring a § 1681s-2(a) claim. *See generally* dkt. 6-2, ¶¶ 201–215 (citing only § 1681s-2(b)). But because it is well established that "the FCRA does not provide a private right of action for violations of § 1681s-2(a)(1)(A)," *Walton*, 885 F.3d at 1029, the motion to dismiss is **granted** to the extent that the complaint sought to raise such a claim.

## V.
## Conclusion

Mr. Branyan's motion for leave to file a response is **GRANTED**, and the Court considered the contents of that response in resolving the motion to dismiss, dkt. [83].

USAA's motion to dismiss, dkt. [32], is **GRANTED in part and DENIED in part**. The motion is DENIED with respect to Mr. Branyan's § 1681s-2(b)

7

claim against USAA.  The motion is GRANTED on all other claims against USAA.

**SO ORDERED.**

Date: 8/18/2023

Distribution:

TIMOTHY J. BRANYAN
618 South Union Street
Kokomo, IN 46901

All electronically registered counsel

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

8