UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY J. BRANYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00372-JPH-TAB |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC., ) | |
| MORTGAGE RESEARCH CENTER LLC D/B/A ) | |
| VETERANS UNITED HOME LOANS, ) | |
| DEFENSE FINANCE ACCOUNTING SERVICE ) | |
| A/K/A DFAS-IN, ) | |
| USAA FEDERAL SAVINGS BANK, ) | |
| TRANS UNION, LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANT USAA FEDERAL SAVINGS BANK'S MOTION TO SEVER**

Defendant USAA Federal Savings Bank seeks to sever Plaintiff Timothy J. Branyan's claims against USAA into an action separate from the other Defendants. [Filing No. 33.] USAA filed its motion to sever on March 24, 2023, and Branyan was briefly represented by counsel. [Filing No. 33.] However, Branyan, who is now proceeding *pro se*, never filed a response to the motion, and the time to do so has since passed.

Branyan alleges Defendants violated the Fair Credit Reporting Act. However, the underlying facts for each Defendant are different. None of Branyan's claims are assessed against Defendants jointly and severally, and he does not allege that their actions arose from same transaction or occurrence. Thus, USAA argues that there is no question of law or fact common to all Defendants, and to allow Plaintiff to conduct discovery to determine the liability of

multiple unrelated Defendants as to separate and distinct claims would undermine the stated purpose of the Federal Rules of Civil Procedure. Therefore, to promote judicial efficiency, USAA seeks an order severing Branyan's claims against USAA from the remaining Defendants.

      USAA's motion is well taken. As noted above, while Branyan alleges all Defendants violated the FCRA, the underlying facts for each Defendant are different. Branyan's complaint sets forth separate and distinct claims and allegations against multiple unrelated Defendants, who operated, controlled, or maintained separate and distinct accounts and partook in separate allegedly violative activities. Many Defendants have either resolved their claims with Branyan or moved to dismiss. If there were reasons to not sever Branyan's claims against USAA, Branyan has failed to articulate them. Indeed, severing Branyan's claims against USAA promotes judicial efficiency and the underlying purpose of the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 21 ("[T]he court may at any time, on just terms . . . sever any claim against a party."). For these reasons, the Court utilizes its inherent authority under Fed. R. Civ. P. 21, and USAA's motion to sever is granted. [Filing No. 33.] The Clerk is directed to sever Branyan's claims against USAA into a separate and distinct cause of action.

      Date: 8/21/2023

                                            Tim A. Baker
                                            United States Magistrate Judge
                                            Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TIMOTHY J. BRANYAN
618 South Union Street
Kokomo, IN 46901