UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY J. BRANYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 1:23-cv-00372-JPH-TAB |
| | ) |
| DEFENSE FINANCE ACCOUNTING | ) |
| SERVICE A/K/A DFAS-IN, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON OBJECTION TO MAGISTRATE JUDGE ORDER DATED
10/12/23 (DOC. 127)**

The Magistrate Judge granted Defendant Defense Finance and Accounting Service ("DFAS")'s motion to stay this litigation pending the Supreme Court's decision in *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, No. 22-846 (U.S. cert. petition granted Jun. 20, 2023), which is scheduled to be heard this term. Dkt. 127. *Kirtz* will resolve a circuit split regarding "[w]hether the civil-liability provisions of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq., unequivocally and unambiguously waive the sovereign immunity of the United States." Dkt. 123 at 1-2. Plaintiff Mr. Timothy Branyan objected to and moved for reconsideration of the Magistrate Judge's order. Dkt. 128. For the reasons below, the Court **OVERRULES** Mr. Branyan's objection to the Magistrate Judge's order. Dkt. [128].

1

**I.**
**Facts and Background**

Mr. Branyan alleges that DFAS "continued reporting inaccuracies" and did not investigate those inaccuracies after receiving notices from Mr. Branyan. Dkt. 1-1 ¶¶ 68–72, 124–135, 172–180.

DFAS moved to stay this case because an upcoming Supreme Court case, *Kirtz,* will resolve whether 15 U.S.C. §§ 1681n & 1681o waive the federal government's sovereign immunity for FCRA civil enforcement suits. Dkt. 123 at 1-2. Currently, Seventh Circuit precedent does not permit DFAS to assert a sovereign immunity defense. *Bormes v. United States*, 759 F.3d 793 (7th Cir. 2014); Dkt. 123 at 3. However, if the Supreme Court holds that the FCRA provisions do not waive sovereign immunity, *Bormes* will be overruled, and the government may be able to assert that defense. Dkt. 123 at 3.

Based on this, the Magistrate Judge granted the motion to stay, explaining that *Kirtz* "will be providing much-needed guidance on whether in a case such as this, there has been a waiver of sovereign immunity" which "outweighs the interests of allowing this case to proceed at this time." Dkt. 127. Mr. Branyan moved for reconsideration. Dkt. 128.

**II.**
**Applicable Law**

This order is fashioned as an "objection and motion to reconsider." Additionally, the rule Mr. Branyan cites—Fed. R. Civ. P. 60(b)— relates only to "final judgments, order, or proceeding." *See Phillips v. Sheriff of Cook Cnty.,*

828 F.3d 541, 559 (7th Cir. 2016). A party may, however, object to a magistrate judge's non-dispositive order. Fed. R. Civ. P. 72(a).

This Court construes Mr. Branyan's order as an objection under Fed. R. Civ. P. 72(a), which requires district courts to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Clear error is an "extremely deferential standard of review" that will be found when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006); *see Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926 (7th Cir. 1997) (discussing Rule 72(a) objections). When ruling on an objection, the "Court essentially functions as an appellate court applying a highly deferential standard of review." *Anton Realty, LLC v. Guardian Brokers Ltd.*, No. 1:13-CV-01915-JMS, 2015 WL 2227796, at *3 (S.D. Ind. May 12, 2015).

### III.
### Analysis

The power to stay litigation is encompassed in a court's inherent authority to manage its docket. *See, e.g., Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). To determine whether to stay litigation, a court may consider: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Cook Inc. v. Endologix, Inc.*, No. 1:09-CV-01248-WTL-TAB, 2010

WL 325960, at *1 (S.D. Ind. Jan. 21, 2010).  The decision to grant a stay is within a trial court's "considerable discretion to manage the court's docket to ensure the 'just, speedy, and inexpensive' resolution of this case."  *Henson v. Dep't of Health & Hum. Servs.*, 892 F.3d 868, 874 (7th Cir. 2018); *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 530 (7th Cir. 1996).

In his motion, Mr. Branyan argues that there is a "lack of direct relevance" between *Kirtz* and this case and that a stay would result in delay and inefficiency.  Dkt. 128 at 2.  DFAS rightly argues that Mr. Branyan's motion failed to consider that *Kirtz* is relevant to the issue of sovereign immunity and that *Kirtz* may overturn existing Seventh Circuit precedent on this issue, permitting the government to assert a defense on that ground in this action.  Dkt. 129 at 2.

The Magistrate Judge granted the motion to stay because *Kirtz* will provide "much-needed guidance on whether in a case such as this, there has been a waiver of sovereign immunity."  Dkt. 127.  This is a point that neither party contests.  Dkt. 129 at 2.  *See also* Dkt. 130 at 3 (Mr. Branyan's Reply) (acknowledging that *Kirtz* "may indeed have a significant impact on this case" and that the "pending Supreme Court decision introduces uncertainty regarding the legal framework that will apply to this case").  The Magistrate Judge found that this need for guidance "outweighs the interests of allowing this case to proceed at this time."  Dkt. 127.  Mr. Branyan has not raised anything clearly erroneous or contrary to law in the Magistrate Judge's order nor does this Court find that the Magistrate Judge committed a clear error.

## IV.
## Conclusion

Because Mr. Branyan has not demonstrated that the Magistrate Judge's

order to stay was "clearly erroneous or is contrary to law", his objection to the

Magistrate Judge's Order Dated 10/12/23 (Doc. 127) is **OVERRULED**.  Dkt.

[128].

**SO ORDERED.**

Date: 11/17/2023

*James Patrick Hanlon*
_____
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TIMOTHY J. BRANYAN
618 South Union Street
Kokomo, IN 46901

All electronically registered counsel.

5